**F I L E D**
CLERK, U.S. DISTRICT COURT

07/23/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____DVE_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>XOCHITL VIRAMONTES and<br>GILBERT CARRILLO,<br><br>　　　　Defendants. | CR No. 2:25-cr-00613-CV<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 371: Conspiracy; 21 U.S.C. § 841(a)(1), (b)(1)(C): Distribution of Hydrocodone; 21 U.S.C. § 843(a)(3), (d)(1): Acquiring Controlled Substances through Fraud and Deceit; 18 U.S.C. § 1029(a)(2): Unlawful Use of Unauthorized Access Devices; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 21 U.S.C. § 853, 18 U.S.C. §§ 982, 1029: Criminal Forfeiture] |

　　　The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

[ALL DEFENDANTS]

A.　OBJECTS OF THE CONSPIRACY

　　　1.　Beginning no later than March 15, 2023, and continuing through at least May 13, 2024, in Ventura County, within the Central District of California, defendants XOCHITL VIRAMONTES and GILBERT

CARRILLO, knowingly conspired with each other to commit the following offenses:

     a.  obtaining prescription medication through fraudulent means, in violation of Title 21, United States Code, Section 843(a)(3), (d)(1);

     b.  unlawful use of an access device to obtain something of value, in violation of Title 18, United States Code, Section 1029(a)(2), (c)(1)(A)(i); and

     c.  aggravated identify theft, in violation of Title 18, United States Code, Section 1028A(a)(1).

B.    <u>MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED</u>

    2.  The objects of the conspiracy were to be accomplished, in substance, as follows:

     a.  While working at Dr. A.G.'s medical office as a medical assistant, defendant VIRAMONTES would unlawfully access the iPad that Dr. A.G. used to approve prescriptions ("Prescription iPad") and, using Dr. A.G.'s name, login credentials prescription database account numbers and "Token" personal identification number, defendant VIRAMONTES would prescribe Hydrocodone Acetaminophen ("Hydrocodone") pills, a Schedule II narcotic drug controlled substance, to individuals using Dr. A.G.'s name without Dr. A.G.'s knowledge or authorization. Defendant VIRAMONTES would alternate between prescribing Hydrocodone to fictitious patients, to herself, and to defendant CARRILLO. Defendant VIRAMONTES would send the prescriptions for Hydrocodone pills for fulfillment at local pharmacies throughout Ventura County.

     b.   Defendants VIRAMONTES and CARRILLO would collect the fraudulent Hydrocodone pills from these pharmacies. When the prescription was in a name other than their own, they would pretend to be the fictitious patient listed on the fraudulent prescription or a relative of that patient.

     c.   Defendants VIRAMONTES and CARRILLO would then either use the fraudulently obtained Hydrocodone pills or distribute them to other people.

C.   <u>OVERT ACTS</u>

3.   On or about the following dates, in furtherance of the conspiracy and to accomplish its objects, defendants VIRAMONTES and CARRILLO committed various overt acts within the Central District of California, including, but not limited to the following:

**Defendant CARRILLO Prescriptions**

<u>Overt Act No. 1</u>:   On April 4, 2023, defendant VIRAMONTES accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved a Hydrocodone prescription in defendant CARRILLO's name.

<u>Overt Act No. 2</u>:   On April 4, 2023, defendant CARRILLO collected the Hydrocodone pills that defendant VIRAMONTES caused to be prescribed from a pharmacy in Camarillo, California.

<u>Overt Act No. 3</u>:   On May 3, 2023, defendant CARRILLO collected the Hydrocodone pills that defendant VIRAMONTES caused to be prescribed from a pharmacy in Camarillo.

<u>Overt Act No. 4</u>:   On June 2, 2023, defendant CARRILLO collected the Hydrocodone pills that defendant VIRAMONTES caused to be prescribed from a pharmacy in Camarillo.

<u>Overt Act No. 5</u>:   On July 11, 2023, defendant CARRILLO

collected the Hydrocodone pills that defendant VIRAMONTES caused to be prescribed from a pharmacy in Camarillo.

Overt Act No. 6:   On August 14, 2023, defendant CARRILLO collected the Hydrocodone pills that defendant VIRAMONTES caused to be prescribed from a pharmacy in Camarillo.

Overt Act No. 7:   On April 24, 2024, defendant VIRAMONTES accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved a Hydrocodone prescription in defendant CARRILLO's name.

Overt Act No. 8:   On April 24, 2024, defendant CARRILLO collected the Hydrocodone pills that defendant VIRAMONTES caused to be prescribed from a pharmacy in Camarillo.

**Defendant VIRAMONTES Prescriptions**

Overt Act No. 9:   On March 15, 2023, defendant VIRAMONTES accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved a Hydrocodone prescription in her own name.

Overt Act No. 10:   On March 15, 2023, defendant VIRAMONTES collected the Hydrocodone pills that she caused to be prescribed from a pharmacy in Camarillo.

Overt Act No. 11:   On April 18, 2023, defendant VIRAMONTES accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved a Hydrocodone prescription in her own name.

Overt Act No. 12:   On April 18, 2023, defendant VIRAMONTES collected the Hydrocodone pills that she caused to be prescribed from a pharmacy in Camarillo.

Overt Act No. 13:   On May 18, 2023, defendant VIRAMONTES

accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved a Hydrocodone prescription in her own name.

<u>Overt Act No. 14</u>:  On May 18, 2023, defendant VIRAMONTES collected the Hydrocodone pills that she caused to be prescribed from a pharmacy in Camarillo.

<u>Overt Act No. 15</u>:  On June 30, 2023, defendant VIRAMONTES accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved a Hydrocodone prescription in her own name.

<u>Overt Act No. 16</u>:  On June 30, 2023, defendant VIRAMONTES collected the Hydrocodone pills that she caused to be prescribed from a pharmacy in Camarillo.

<u>Overt Act No. 17</u>:  On January 5, 2024, defendant VIRAMONTES accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved a Hydrocodone prescription in her own name.

<u>Overt Act No. 18</u>:  On January 6, 2024, defendant VIRAMONTES collected the Hydrocodone pills that she caused to be prescribed from a pharmacy in Oxnard.

<u>Overt Act No. 19</u>:  On April 8, 2024, defendant VIRAMONTES accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved another Hydrocodone prescription in her own name.

<u>Overt Act No. 20</u>:  On April 8, 2024, defendant VIRAMONTES collected the Hydrocodone pills that she caused to be prescribed from a pharmacy in Oxnard.

<u>Overt Act No. 21</u>:  On May 7, 2024, defendant VIRAMONTES

accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved another Hydrocodone prescription in her own name.

Overt Act No. 22:   On May 7, 2024, defendant VIRAMONTES again collected the Hydrocodone pills that she caused to be prescribed from a pharmacy in Oxnard.

**Sara Perez Prescriptions**

Overt Act No. 23:   On May 15, 2023, defendant VIRAMONTES accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved a Hydrocodone prescription for a fictitious patent named Sara Perez.

Overt Act No. 24:   On May 15, 2023, defendant VIRAMONTES collected the Hydrocodone pills that she caused to be prescribed from a pharmacy in Camarillo.

Overt Act No. 25:   On July 6, 2023, defendant VIRAMONTES collected the Hydrocodone pills that she caused to be prescribed from a pharmacy in Camarillo.

Overt Act No. 26:   On August 9, 2023, defendant VIRAMONTES collected the Hydrocodone pills that she caused to be prescribed from a pharmacy in Camarillo.

Overt Act No. 27:   On February 7, 2024, defendant VIRAMONTES accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved another Hydrocodone prescription for a fictitious patent named Sara Perez.

Overt Act No. 28:   On February 7, 2024, defendant VIRAMONTES collected the Hydrocodone pills that she caused to be prescribed from a pharmacy in Camarillo.

1    Overt Act No. 29:  On March 5, 2024, defendant VIRAMONTES
2 accessed Dr. A.G.'s Prescription iPad without authorization and,
3 using Dr. A.G.'s information, approved another Hydrocodone
4 prescription for a fictitious patent named Sara Perez.
5    Overt Act No. 30:  On March 5, 2024, defendant VIRAMONTES
6 collected the Hydrocodone pills that she caused to be prescribed from
7 a pharmacy in Camarillo.
8    Overt Act No. 31:  On April 3, 2024, defendant VIRAMONTES
9 accessed Dr. A.G.'s Prescription iPad without authorization and,
10 using Dr. A.G.'s information, approved another Hydrocodone
11 prescription for a fictitious patent named Sara Perez.
12    Overt Act No. 32:  On April 3, 2024, defendant VIRAMONTES
13 collected the Hydrocodone pills that she caused to be prescribed from
14 a pharmacy in Camarillo.
15    Overt Act No. 33:  On May 1, 2024, defendant VIRAMONTES
16 accessed Dr. A.G.'s Prescription iPad without authorization and,
17 using Dr. A.G.'s information, approved another Hydrocodone
18 prescription for a fictitious patent named Sara Perez.
19    Overt Act No. 34:  On May 1, 2024, defendant VIRAMONTES
20 collected the Hydrocodone pills that she caused to be prescribed from
21 a pharmacy in Camarillo.
22 **Margarita Hurtado Prescriptions**
23    Overt Act No. 35:  On April 11, 2023, defendant VIRAMONTES
24 accessed Dr. A.G.'s Prescription iPad without authorization and,
25 using Dr. A.G.'s information, approved a Hydrocodone prescription for
26 a fictitious patent named Margarita Hurtado.
27
28

Overt Act No. 36:  On April 11, 2023, defendant VIRAMONTES collected the Hydrocodone pills that she caused to be prescribed from a pharmacy in Camarillo.

Overt Act No. 37:  On May 9, 2023, defendant VIRAMONTES accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved a Hydrocodone prescription for a fictitious patent named Margarita Hurtado.

Overt Act No. 38:  On May 9, 2023, defendant VIRAMONTES collected the Hydrocodone pills that she caused to be prescribed from a pharmacy in Camarillo.

Overt Act No. 39:  On June 7, 2023, defendant VIRAMONTES collected the Hydrocodone pills that she caused to be prescribed from a pharmacy in Camarillo.

Overt Act No. 40:  On July 19, 2023, defendant VIRAMONTES accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved a Hydrocodone prescription for a fictitious patent named Margarita Hurtado.

Overt Act No. 41:  On July 20, 2023, defendant VIRAMONTES collected the Hydrocodone pills that she caused to be prescribed from a pharmacy in Camarillo.

Overt Act No. 42:  On August 21, 2023, defendant VIRAMONTES accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved another Hydrocodone prescription for a fictitious patent named Margarita Hurtado.

Overt Act No. 43:  On August 21, 2023, defendant VIRAMONTES collected the Hydrocodone pills that she caused to be prescribed from a pharmacy in Camarillo.

Overt Act No. 44:  On April 19, 2024, defendant VIRAMONTES

accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved another Hydrocodone prescription for a fictitious patent named Margarita Hurtado.

Overt Act No. 45:  On April 21, 2024, defendant CARRILLO collected the Hydrocodone pills that defendant VIRAMONTES caused to be prescribed from a pharmacy in Camarillo.

**Blanca Sanchez Prescriptions**

Overt Act No. 46:  On May 24, 2023, defendant VIRAMONTES accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved a Hydrocodone prescription for a fictitious patent named Blanca Sanchez.

Overt Act No. 47:  On May 24, 2023, defendant CARRILLO collected the Hydrocodone pills that defendant VIRAMONTES caused to be prescribed from a pharmacy in Camarillo.

Overt Act No. 48:  On August 2, 2023, defendant VIRAMONTES accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved a Hydrocodone prescription for a fictitious patent named Blanca Sanchez.

Overt Act No. 49:  On August 2, 2023, defendant CARRILLO collected the Hydrocodone pills that defendant VIRAMONTES caused to be prescribed from a pharmacy in Camarillo.

Overt Act No. 50:  On May 9, 2024, defendant VIRAMONTES accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, authorized another Hydrocodone prescription for a fictious patient named Blanca Sanchez.

Overt Act No. 51:  On May 9, 2024, defendant CARRILLO collected the Hydrocodone pills that defendant VIRAMONTES caused to be prescribed from a pharmacy in Camarillo.

**Tomas Carrillo Prescriptions**

Overt Act No. 52:    On April 2, 2024, defendant VIRAMONTES accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved a Hydrocodone prescription for a fictitious patent named Tomas Carrillo.

Overt Act No. 53:    On April 2, 2024, defendant CARRILLO collected the Hydrocodone pills that defendant VIRAMONTES caused to be prescribed from a pharmacy in Oxnard, and he did so by pretending to be the fictitious patient's son.

Overt Act No. 54:    On April 17, 2024, defendant VIRAMONTES accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved a Hydrocodone prescription for a fictitious patent named Tomas Carrillo.

Overt Act No. 55:    On April 17, 2024, defendant CARRILLO collected the Hydrocodone pills that defendant VIRAMONTES caused to be prescribed from a pharmacy in Oxnard, and he did so by pretending to be the fictitious patient's son.

Overt Act No. 56:    On May 8, 2024, defendant VIRAMONTES accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved a Hydrocodone prescription for a fictitious patent named Tomas Carrillo.

Overt Act No. 57:    On May 8, 2024, defendant CARRILLO collected Hydrocodone pills that defendant VIRAMONTES caused to be prescribed from a pharmacy in Oxnard.

**Ronald Williams Prescription**

Overt Act No. 58:    On February 12, 2024, defendant VIRAMONTES accessed Dr. A.G.'s Prescription iPad without authorization and,

using Dr. A.G.'s information, approved a Hydrocodone prescription for a fictitious patent named Ronald Williams.

Overt Act No. 59:  On February 12, 2024, defendant VIRAMONTES collected the Hydrocodone pills that she caused to be prescribed from a pharmacy in Newbury Park, and she did so by pretending to be the fictitious patient's daughter-in-law.

Overt Act No. 60:  On April 18, 2024, defendant VIRAMONTES accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved a Hydrocodone prescription for a fictitious patent named Ronald Williams.

Overt Act No. 61:  On April 18, 2024, defendant VIRAMONTES again collected the Hydrocodone pills that she caused to be prescribed from a pharmacy in Newbury Park.

**Karen Hernandez Prescription**

Overt Act No. 62:  On April 24, 2024, defendant VIRAMONTES accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved a Hydrocodone prescription for a fictitious patent named Karen Hernandez.

Overt Act No. 63:  On April 26, 2024, defendant CARRILLO collected the Hydrocodone pills that defendant VIRAMONTES caused to be prescribed from a pharmacy in Newbury Park.

**Timothy Rodriguez Prescription**

Overt Act No. 64:  On May 2, 2024, defendant VIRAMONTES accessed Dr. A.G.'s Prescription iPad without authorization and, using Dr. A.G.'s information, approved a Hydrocodone prescription for a fictitious patent named Timothy Rodriguez.

Overt Act No. 65:  On May 2, 2024, defendant VIRAMONTES collected the Hydrocodone pills that she caused to be prescribed from

1  a pharmacy in Camarillo.

COUNTS TWO THROUGH FIVE

[21 U.S.C. § 841(a)(1), (B)(1)(C)]

[DEFENDANT VIRAMONTES]

4. The Grand Jury realleges paragraphs 2 and 3 of this Indictment here.

5. On or about the following dates, in Ventura County, within the Central District of California, defendant XOCHITL VIRAMONTES knowingly and intentionally distributed Hydrocodone, a Schedule II narcotic drug controlled substance:

| **COUNT** | **DATE** |
|---|---|
| TWO | 4/4/2023 |
| THREE | 4/17/2024 |
| FOUR | 4/24/2024 |
| FIVE | 5/7/2024 |

COUNTS SIX THROUGH FOURTEEN

[21 U.S.C. § 843(a)(3), (d)(1)]

[ALL DEFENDANTS]

6. The Grand Jury realleges paragraphs 2 and 3 of this Indictment here.

7. On or about the following dates, in Ventura County, within the Central District of California, the following defendants knowingly and intentionally acquired and obtained possession of Hydrocodone, a Schedule II narcotic drug controlled substance, by misrepresentation, fraud, forgery, deception, and subterfuge:

| COUNT | DEFENDANT(S) | DATE |
|---|---|---|
| SIX | XOCHITL VIRAMONTES GILBERT CARRILLO | 8/2/2023 |
| SEVEN | VIRAMONTES | 8/9/2023 |
| EIGHT | VIRAMONTES CARRILLO | 8/14/2023 |
| NINE | VIRAMONTES | 8/21/2023 |
| TEN | VIRAMONTES | 2/12/2024 |
| ELEVEN | VIRAMONTES | 4/21/2024 |
| TWELVE | VIRAMONTES | 5/1/2024 |
| THRTEEN | VIRAMONTES CARILLO | 5/8/2024 |
| FOURTEEN | VIRAMONTES | 5/9/2024 |

COUNT FIFTEEN

[18 U.S.C. § 1029(a)(2)]

[DEFENDANT VIRAMONTES]

8.   The Grand Jury realleges paragraphs 2 and 3 of this Indictment here.

9.   Between on or about May 1, 2023 to on or about May 1, 2024, in Ventura County, within the Central District of California, defendant XOCHITL VIRAMONTES knowingly and with intent to defraud, used unauthorized access devices (as defined in Title 18, United States Code, Section 1029(e)(1), (3)), namely, the prescription database account numbers of Dr. A.G., and by such conduct obtained things of value aggregating at least $1,000 during a one-year period, with said use having an effect on interstate and foreign commerce:

COUNT SIXTEEN

[18 U.S.C. § 1028A(a)(1)]

[DEFENDANT VIRAMONTES]

10.  The Grand Jury realleges paragraphs 2 and 3 of this Indictment here.

11.  Between on or about May 1, 2023 to on or about May 1, 2024, in Ventura County, within the Central District of California, defendant XOCHITL VIRAMONTES knowingly transferred, possessed, and used, without lawful authority, means of identification that defendant VIRAMONTES knew belonged to another person, namely, the name, login credentials, and "Token" personal identification number of Dr. A.G., during and in relation to the commission of Unlawful Use of Unauthorized Access Devices, a felony violation of Title 18, United States Code, Section 1029(a)(3), (c)(1)(A)(i), as charged in Count Fifteen of this Indictment.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of any defendant's conviction of the offenses set forth in any of Counts One through Fourteen of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

   (a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

   (b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

   (c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982 and 1029]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2) and 1029, in the event of any defendant's conviction of the offenses set forth in any of Counts One, and Fifteen through Sixteen of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

(b) Any personal property used or intended to be used to commit the offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the

court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

BILAL A. ESSAYLI
United States Attorney

*Christina Shay*

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

MARK P. TAKLA
Assistant United States Attorney
Chief, Orange County Office

MELISSA S. RABBANI
Assistant United States Attorney
Deputy Chief, Orange County Office

LISA J. LINDHORST
Assistant United States Attorney
Orange County Office